**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 3 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RUDY TENORIO, as next friend of
Priscilla Tenorio,

        Plaintiff-Appellant,

v.

CITY OF HOBBS; CHARLES
CUNNINGHAM; DONALD
JACKSON; COREY HELTON;
JAMES TORRES; CARLOS
HERNANDEZ; HOBBS POLICE
OFFICERS, John Doe,

        Defendants-Appellees.

No. 04-2103
(D.C. No. CIV-02-545 MV/ACT)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **KELLY** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this 42 U.S.C. § 1983 action, plaintiff-appellant Rudy Tenorio, as next friend of his minor daughter, Priscilla Tenorio, appeals the district court's entry of summary judgment in favor of defendants-appellants on his claim that defendants-appellants violated Priscilla Tenorio's Fourth and Fourteenth Amendment rights when she was briefly detained for investigative purposes on January 28, 2001. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

Defendants Charles Cunningham, Donald Jackson, Corey Helton, James Torres, and Carlos Hernandez (collectively, the Officers) are police officers employed by the City of Hobbs, New Mexico. Priscilla Tenorio suffers from Down's Syndrome, and she was thirteen years old at the time of the events giving rise to this case. As summarized by the district court, the undisputed background facts pertaining to plaintiff's claims, none of which are being challenged by plaintiff in this appeal, are as follows:

> On January 28, 2001, [the Officers] received a report from dispatch that an armed woman wearing a black coat, white shirt and grey pants was walking down Scharbauer Street, knocking on doors in the neighborhood and pointing a gun at each door while waiting for someone to answer. The report from dispatch was based on a tip from Virginia Teeter who called 911 from her home at 1231 West Scharbauer Street. Ms. Teeter informed dispatch that there was a woman standing at the front door of the house across the street from her with a gun in her hand pointed at the door. She described the woman as Spanish, wearing a black coat, white t-shirt and grey pants.

While she was on the telephone with dispatch, Ms. Teeter continued to observe the suspect and reported that the suspect stepped down from the porch on the sidewalk and began walking east. When asked by dispatch whether she could see the weapon in the suspect's hand, Ms. Teeter responded yes. She also stated as follows: "It looks like uh, all I can tell you, it looks like a gun of some kind. I don't know whether it's a toy gun, a real gun, or what it is." (Transcript of 911 Call at 2). When dispatch then asked her if it was a handgun, Ms. Teeter replied yes.

The Officers all responded to the call from dispatch. When they arrived at the 2000 block of Scharbauer Street, they observed the suspect, later identified as Priscilla Tenorio, standing on the sidewalk wearing a black coat, white shirt and grey pants. The officers could not see her hands or whether she was holding a gun. They parked their patrol units at a distance from Ms. Tenorio, exited their vehicles, stood behind their car doors and drew their weapons. Officer Helton spoke to Ms. Tenorio using the loud speaker from his vehicle, instructing her to raise her hands. When Ms. Tenorio did not comply, Officer Helton asked her whether she had a gun. She pulled a gun from her coat pocket and dropped it at her feet. Officer Helton then instructed Ms. Tenorio to walk towards his vehicle and away from the gun. When Ms. Tenorio again did not comply, Officer Cunningham and Officer Jackson approached her from behind and Officer Jackson handcuffed her. According to Plaintiff, the Officers realized early on during the encounter that Ms. Tenorio suffered from a mental handicap. Plaintiff also alleges that Ms. Tenorio was sobbing during the encounter.

Once Ms. Tenorio was handcuffed, the Officers realized that the gun was in fact a toy. The Officers patted her down to determine if she had any other weapons. Once the pat-down confirmed that she did not have any other weapons, the Officers removed the handcuffs and returned Ms. Tenorio to the custody of her parents. According to Plaintiff, Ms. Tenorio's parents attempted to intervene on their daughter's behalf, explaining that Ms. Tenorio suffers from Down Syndrome, that she did not have a real gun and that the handcuffs were hurting her. Ms. Tenorio was in handcuffs for approximately one and one-half minutes, although Plaintiff claims that it seemed to

Ms. Tenorio that she was in handcuffs for five minutes. The entire encounter lasted four and one-half minutes.

Aplt. App. at 153-55. [1]

Plaintiff subsequently filed a complaint against the Officers and the City of Hobbs under 42 U.S.C. § 1983, claiming that the Officers unlawfully detained Ms. Tenorio and used excessive force in violation of her Fourth and Fourteenth Amendment rights. Plaintiff also asserted state-law claims for false arrest and false imprisonment.

Defendants moved for summary judgment on all of plaintiff's claims, and the district court granted the motion. First, the court concluded that the Officers had conducted a reasonable investigative detention for purposes of the Fourth Amendment because: (1) at the inception of their encounter with Ms. Tenorio, "the Officers had an objectively reasonable basis to suspect that Ms. Tenorio was engaged in criminal activity," Aplt. App. at 157; and (2) "[t]he Officers' actions

---

[1]    In his opening brief, plaintiff argues that the district court mischaracterized the facts when it stated that "the officers had received information of an armed woman . . . walking down Scharbauer Street, knocking on doors in the neighborhood and pointing a gun at each door." Aplt. Br. at 9. According to plaintiff, "[t]his is not what the police were advised. The report was of a woman . . . knocking on one door with something that might be a gun in her hand." *Id.* Given the circumstances of this case, this is not a material distinction, because we conclude that the Officers had reasonable suspicion to conduct the subject investigative detention even if the information they received indicated that Ms. Tenorio had only knocked on one door. We also note that the neighborhood witness, Virginia Teeter, specifically informed the 911 operator that the object Ms. Tenorio was holding "look[ed] like a gun of some kind." Aplt. App. at 105.

-4-

during the detention, which included drawing their weapons, handcuffing Ms. Tenorio and conducting a pat-down search, were reasonable under the circumstances," *id.* at 158. Second, the court concluded that plaintiff's allegations were insufficient to set forth an excessive force claim. *Id.* at 160. Third, because plaintiff had failed to establish that the Officers' conduct violated a constitutional right, the court also concluded that: (1) it was not necessary to conduct any further inquiry concerning the Officers' affirmative defense of qualified immunity; and (2) there was insufficient evidence to support a claim for municipal liability against the City of Hobbs. *Id.* at 161-62. Finally, the court found "no compelling reason to exercise supplemental jurisdiction over Plaintiff's state law claims," and the court dismissed the state-law claims without prejudice.[2] *Id.* at 162.

We review the grant of summary judgment de novo, applying the same standard under Fed. R. Civ. P. 56(c) as the district court. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). Under Rule 56(c), summary judgment is proper if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

---

[2]     We note that the judgment entered by the district court dismissed the entire "action . . . **WITH PREJUDICE** ." Aplt. App. at 165. Plaintiff has not raised this discrepancy as an issue in this appeal, however, and we therefore assume that plaintiff is not seeking to pursue Ms. Tenorio's state-law claims in any other forum.

"In applying this standard, we view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant." *Adler*, 144 F.3d at 670.

Having carefully reviewed the record and the pertinent legal authorities, we agree with the district court that defendants were entitled to summary judgment on all of plaintiff's claims, and we see no reason to repeat the thorough and well-reasoned analysis set forth in the district court's memorandum opinion and order. *See* Aplt. App. at 157-62. Accordingly, we affirm the entry of summary judgment in favor of defendants for substantially the same reasons set forth by the district court.

One final note is necessary, however. In this appeal, the sole error alleged by plaintiff is his claim that the district court's "opinion and order ignores significant factors of Priscilla Tenorio's appearance as a person afflicted with Down's Syndrome and her young age." Aplt. Br. at 6. According to plaintiff, Ms. Tenorio's "appearance is a piece of evidence, a fact," and "[i]t is a genuine issue of material fact, not properly factored into the District Court's decision." *Id.* at 11. We disagree.

In its memorandum opinion and order, the district court specifically acknowledged plaintiff's allegation that the Officers were aware of Ms. Tenorio's mental handicap before they placed her in handcuffs. *See* Aplt. App. at 154. Moreover, the court accepted the allegation as true, but concluded that it was not

a genuine issue of material fact that was capable of defeating defendants' motion for summary judgment. As the court explained,

> [g]iven Ms. Tenorio's failure to comply with instructions in combination with the fact that she produced a gun from her pocket, it was not unreasonable for Officer Jackson to believe that securing the scene warranted placing Ms. Tenorio in handcuffs. This conclusion is no less valid even if, as plaintiff alleges, Ms. Tenorio's mental handicap was either apparent to the Officers or made known to them by her parents.

*Id.* at 159.

We agree with the district court's analysis. We also agree with defendants that "common sense dictates that a suspect who appears to have a mental handicap, is reportedly armed, and is not following verbal commands should be treated with a heightened degree of caution." Aplee. Br. at 10. In addition, it is important to emphasize that the undisputed facts show that Ms. Tenorio was only handcuffed for one and one-half minutes and only detained for a total of four and one-half minutes. In light of these undisputed facts, we conclude, as a matter of law, that the Officers acted reasonably, regardless of Ms. Tenorio's age and physical appearance.

The judgment of the district court is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge